IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————

GREGORIO MESA,

      Plaintiff,

v.                                                                 No. CIV 97-0476 BB/RLP

TOWN OF SILVER CITY, ET AL.,

      Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants Gary Johnson, Tom Udall, and Anthony White's ("Defendants") Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) (Doc. 25) and Motion to Stay Discovery Until Resolution of Qualified Immunity Issue and Class Certification (Doc. 27). The Court, having reviewed the parties' submissions and the relevant law, finds that the motion to dismiss will be GRANTED. The grant of this motion makes it unnecessary to address the motion to stay discovery.

**Standard to be Applied**

Plaintiff's pro se complaint must be construed liberally, in the light most favorable to Plaintiff. See Smith v. Colorado Dep't of Corrections, 23 F.3d 339, 340 (10th Cir. 1994). Insofar as Defendants raise a defense of qualified immunity, however, the burden is on Plaintiff even at the motion-to-dismiss stage to show that Defendants violated clearly established law. See Breidenbach v. Bolish, 126 F.3d 1288, 1291 (10th Cir. 1997). To overcome this defense, Plaintiff must identify a clearly established statutory or constitutional right of which a reasonable person

would have known, and then allege facts to show that Defendants' conduct violated that right. Id.  The Court will address the motion to dismiss with these standards in mind.

**Lack of Standing and Class Certification Issues**

Defendants are correct that, as a pro se litigant, Plaintiff is probably not a proper class representative.  See Sule v. Story, 1996 WL 170156 (10th Cir., unpublished, 1996).  However, the proper remedy in that situation would appear to be to decline to certify the class, rather than to dismiss the entire action outright.  See, e.g., id. (addressing district court's refusal to certify class as well as merits of other arguments raised by plaintiff).

Defendants are also correct that Plaintiff's complaint did not contain any specific allegations showing that he has personally been affected by the discrimination of which he complains, or the First Amendment violation he alleges.  For example, Plaintiff did not claim that he lives in the original Silver City townsite or an older area of the community, the two areas that according to Plaintiff have suffered discrimination.  In addition, Plaintiff did not allege that he personally was denied the opportunity to provide input during a city council meeting.  It therefore appears that Plaintiff's complaint is not adequate to show that Plaintiff has standing to raise the claims brought in the complaint.  However, Plaintiff maintained in his brief in opposition to the motion to dismiss that he has personally suffered injury.  Given Plaintiff's pro se status and his statement in the brief, the Court would be inclined to allow Plaintiff an opportunity to amend his complaint to attempt to allege the requisite facts to establish his standing to bring this action if it were otherwise warranted. Cf. McKinney v. State of Okl., Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (preferred practice is to accord plaintiff notice and opportunity to amend complaint before acting on a motion to dismiss for failure to state a claim).  The Court need not

do so, however, if allowing such an opportunity would be futile. Id. To determine whether that is the case, the Court now turns to the merits of Plaintiff's claims for relief.

**Merits**

Plaintiff's claims against the New Mexico Attorney General ("Udall") and against the former District Attorney ("White") are similar, since both of these Defendants are or were in prosecutorial positions. In essence, Plaintiff's complaint against both Udall and White is that they failed to investigate and prosecute violations of the federal civil rights statutes. Udall and White, on the other hand, argue they are entitled to qualified immunity because no clearly established law required them to investigate and prosecute such violations. When a state attorney general or prosecutor decides whether to investigate a complaint and whether to bring a prosecution or some other type of action as a result, that decision is protected by absolute immunity. Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994); Meade v. Grubbs, 841 F.2d 1512, 1532 (10th Cir. 1988); Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir. 1982). Since Plaintiff's cause of action against both Udall and White concerns their respective failures to investigate complaints of discrimination allegedly perpetrated by Silver City government officials, the absolute immunity doctrine applies to insulate those failures from judicial review. The Court thus finds that Udall and White are entitled to absolute, not just qualified, immunity under the circumstances of this case. Moreover, to the extent it might be determined Udall and White may not be entitled to absolute immunity, the Court finds neither Udall nor White violated any clearly established law when each failed to investigate and prosecute the alleged violations of the state or federal constitutions. Accordingly, Udall and White will be dismissed from this case.

As Governor of New Mexico, Gary Johnson ("Johnson") is in a different position with respect to immunity than are Udall and White. The Supreme Court has determined that executive branch officials such as governors are adequately protected by the doctrine of qualified immunity, rather than absolute immunity. Scheuer v. Rhodes, 416 U.S. 232, 247-49 (1974). Johnson's motion to dismiss argued there is no clearly established law requiring a governor to investigate complaints of discrimination or misuse of tax revenues. In addition, Johnson maintained that Plaintiff has not alleged any facts showing that Johnson's own conduct was a cause of the constitutional violations about which Plaintiff complains. To prevail against the motion to dismiss, Plaintiff was required to point out both a clearly-established right and that Johnson acted in such a way as to violate that right. See Breidenbach.

In an attempt to meet his burden, Plaintiff argues in essence that it is clear he has a constitutional right to be free from discrimination, and to speak at a public forum. The Court has no quarrel with those assertions. The issue in this case, however, is whether Plaintiff has a clearly established right to have Johnson take action to halt the alleged constitutional violations committed by Silver City officials. Plaintiff's complaint asserts that Johnson aided and abetted the discriminatory conduct by failing to investigate the conduct and by providing tax monies to Silver City. Plaintiff has not explained, however, how Johnson has any authority to withhold tax monies from a municipality, or to investigate and somehow halt discriminatory conduct by a municipality. As governor, Johnson has only those powers granted to him by the New Mexico Constitution and statutes enacted by the legislature. State ex rel. Clark v. Johnson, 904 P.2d 11, 26 (N.M. 1995). This Court's review of the New Mexico statutes governing municipalities has uncovered no provision granting the governor supervisory authority over municipalities. Furthermore, the

4

Court can find no statute granting the governor power to control the manner in which tax revenues are disbursed to municipalities. For these reasons, the Court will find that Johnson has violated no clearly established law in failing or refusing to investigate complaints of discrimination, or to take action to prevent tax revenues from reaching Silver City. The Court also finds that there is no allegation that Johnson himself has participated in the discrimination of which Plaintiff complains. Therefore, Johnson's motion to dismiss on the basis of qualified immunity will be granted.

**Conclusion**

The parties who allegedly acted discriminatorily, and who allegedly violated the First Amendment, have already been dismissed from this lawsuit after Plaintiff failed to file responses to their motions to dismiss. This opinion addresses the remaining Defendants, who are involved in the case only because Plaintiff maintains they should have taken action to stop the discrimination allegedly being practiced by Silver City officials. As discussed above, the Court finds these Defendants are immune from such claims. Their motion to dismiss will be granted and this case will be dismissed in its entirety. The motion for stay of discovery is rendered moot and will not be addressed.

An Order in accordance with this Memorandum Opinion will issue.

Dated this 8th day of April, 1998.

_____
BRUCE D. BLACK
United States District Judge